P. V. ROGERS, Executor, etc., v. M. A. SOUTHERN, et al.

STATUTE OF LIMITATIONS. *Admissions sufficient to remove the bar of the Statute.* Where the testator, at and before the time of the preparation of his will, made repeated admissions of the justice and validity of the petitioner's debt, and, at the time of the execution of his will, prepared a schedule of his indebtedness to petitioner, and acknowledged that he owed, and was willing to pay it,

*Held,* That these facts were sufficient to remove the bar of the Statute of Limitations of six years, which was pleaded by the executor.

## FROM HUMPHREYS.

Appeal from the Chancery Court. ——————, Chancellor.

SHACKELFORD and BAKER for Rogers.

McADOO for Southern.

DEADERICK, J., delivered the opinion of the Court.

This is an insolvent bill, brought from the Chancery Court of Humphreys County, by Price & Hobbs, creditors, from a decree disallowing certain claims filed by them, and also by the complainants, from the decree allowing certain claims of Price.

Testator died in June, 1870. His executor qualified in July, 1870, and at November or December Term, 1870, suggested the insolvency of the estate to the Clerk of the County Court. Price filed his notes on testator

in due time, and Hobbs, as evidence of his claim, filed the receipts of Spicer, the testator, for claims for collection, dated March, 1862.

In January, 1873, Rogers, the executor, filed this bill to have the administration of the estate transferred to the Chancery Court, upon the ground that the estate exceeded three thousand dollars in value, making Price, and devisees and legatees, as well as creditors, parties. Price answered, setting up his notes of the testator as claims against his estate.

An account was taken and exceptions filed by complainant, and defendants Price and Hobbs. The exception of complainant to the note of $164, payable to Price, and other exceptions, were overruled.

The exceptions taken were that the claims or notes were barred by lapse of time, or the Statute of Limitations of six years. More than six years had elapsed from the time said notes, or any of them, fell due. But repeated admissions by testator of the justice and validity of Price's claims were made, coming down to the date of the execution of his will, at which time he had a schedule of his indebtedness to Price made out, and acknowledged that he owed and was willing to pay him. This was done at the time of the preparation of his will, and with a view to enable him to approximate the value of his estate after the payment of his debts. The witness states that he then estimated his indebtedness to Price at $3,500. This is probably an over estimate by either testator or the witness to the extent of $700 or $800.

Another witness, at a different and previous time, heard testator estimate his indebtedness to Price at $1,200 or $1,500.

We are of opinion that the evidence of testator's acknowledgment of his liability and willingness to pay is sufficient to remove the bar of the Statute, and that the Chancellor's decree is incorrect in sustaining exception to the $164 note, and was correct in overruling complainant's exceptions to the allowance of the other notes.

It is shown by evidence that Spicer received for Hobbs, the amount of a note ($86 20) on Forrest in 1866 or 1867, and at some period after March, 1862, the further sum of $320, the amount of Pruet's note.

These sums on exception were disallowed, and we think improperly. The Statute of six years did not exclude either, counting out the time to January 1, 1867, on the smaller claim, and they were both filed in the County Court in due time.

The decree of the Chancellor will be modified as herein indicated, and remanded to the Chancery Court for further proceedings, and the costs of this Court will be paid by the executor out of the assets of the estate.